(17 Misc. Rep. 631)

GERMAN–AMERICAN REAL–ESTATE TITLE GUARANTEE CO. v. COURSEN.

(Supreme Court, Appellate Term, First Department. July 27, 1896.)

ACTION FOR SERVICES—EVIDENCE.

In an action for services rendered by plaintiff, a title-guaranty company, in examining a title for defendant under a contract by which defendant was to furnish a survey, plaintiff cannot recover for the expenses of a survey which it caused to be made, without proof that such survey was correct, and that the survey furnished by defendant was not correct.

Appeal from Second district court.

Action by the German-American Real-Estate Title Guarantee Company against Alfred C. Coursen for services rendered by plaintiff in examining title to premises No. 17 West 102d street, at defendant's request. There was a judgment in favor of plaintiff for $50 and costs, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Alfred C. Coursen, for appellant.

Charles Unangst and Charles Ruston, for respondent.

DALY, P. J. The defendant employed the plaintiff to examine the title to premises his client was about to purchase, and applied for a guaranty against liens and defects. The plaintiff examined the title, caused a survey to be made of the premises, which consisted of a house and lot, and offered defendant a guaranty which excepted certain encroachments alleged to be disclosed by the survey. These were an encroachment by the building half an inch upon land to the west of the lot, and an encroachment of one and three-quarter inches upon the lot itself by the adjacent building on the east. The defendant refused to accept the guaranty and pay the plaintiff's charge, on the ground that the contract called for a guaranty without regard to encroachments. The employment was by writing on a partly printed blank, and as follows:

New York, 26 Feby., 1896.

I, the undersigned, hereby employ the above-named company to examine the title to premises hereinafter described, and, if it approve of the same, to issue a guaranty in its usual form against liens or defects in the sum of $24,250 on the terms hereinafter set forth. It is agreed that the following statements are true to the best of my knowledge and belief, and are representations on the faith of which said guaranty is to be issued:

Party to be guarantied: William Burns.
Address: Alfred C. Coursen, 114 Nassau St.
Premises now owned by: John Yule.
Interest to be guarantied: Fee simple.
Location of premises: 17 West 102 St.
See No.
Diagram showing premises:

Premium: $50.00.
Disbursements: None.
~~or encroachment exception~~ 1
Survey ∧ to be furnished:

---

1 The printed words "or encroachment exception" were struck out.

Documents to be drawn: None.

Incumbrances and adverse interests, so far as known now, on premises, and by whom held or claimed: Mtge.?

Disposition thereof:

If the applicant, before the issuing of the policy, shall have any further intimation or information as to defects, liens, incumbrances, or objections affecting the title to the premises, the same will at once be made known to the company. Where a guaranty is issued, any delay or expense in obtaining actual possession of the premises shall be borne wholly by the party guarantied, and not by the company.  A. C. Coursen, Applicant.

At the time of the employment, the defendant delivered to the general manager of the plaintiff a blue-print copy of what purported to be a survey of the premises, and defendant testified that it was said by the manager and himself that that survey should be the survey to govern the contract. The manager swore that he never stated that he would accept the survey as correct, or anything to that effect. The finding of the justice in favor of plaintiff indicates a conclusion that the defendant's contention that there was to be a guaranty irrespective of encroachments was not borne out by the evidence, and in that we agree. It would be a singular thing if a corporation engaged in the business of guarantying titles should agree to do so without regard to the important question of encroachment, and very strong proof must be adduced in support of an allegation of such an improvident contract. The defendant claims that it is implied from the stipulation that he was to furnish a survey, and that the survey to be furnished was to govern the contract, and such survey showed no encroachment. But it will immediately occur to any one that, if plaintiff agreed to issue a guaranty to defendant's client upon a survey furnished by defendant, it was necessarily implied, on defendant's part, that the survey was correct. By agreeing to furnish a survey and furnishing this paper as a survey, defendant represented it as correct. If it were not correct, it was no survey, in any proper sense. Plaintiff was, of course, entitled to test its accuracy by actual survey, and, if it were inaccurate, to tender such a guaranty as was reasonable. If the guaranty were refused, then the expense of examining the title could be recovered under the employment in the written contract. It is not significant on the question of agreement as to the defendant's survey that the words "or encroachment exception" were struck out of the printed portion of the contract. Since the defendant was bound to furnish a correct survey, encroachments, if any, would be disclosed by it, and further reference to them was unnecessary. The judgment was based, of course, upon the assumption that there was an encroachment, as claimed by plaintiff, and that a proper guaranty was tendered; but the record fails to disclose that the plaintiff's survey was correct and the defendant's was not, so the judgment is unsupported by necessary proof, and must, therefore, be reversed. Upon a new trial, evidence may be offered of the required facts.

Judgment reversed, and new trial ordered, with costs to abide event. All concur.